UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Ohio & Vicinity Carpenters**
**Fringe Benefits Funds, Inc.,**

    **Plaintiff,**

    **v.**

**T&M Contractors, LLC,**

    **Defendant.**

**Case No. 2:16-cv-876**

**Judge Michael H. Watson**

**Magistrate Judge Deavers**

## OPINION AND ORDER

The Court entered default judgment for Plaintiff in this case on March 28, 2018. Op. and Order, ECF Nos. 13, 27. Judgment entered the same day. Judgment, ECF No. 28.

Now, Plaintiff moves to renew the judgment, stating it "has not collected any amounts toward th[e] Judgment." Mot. 1, ECF No. 29.

"Congress never established a limitations period governing the duration of a federal judgment's effectiveness; instead, federal courts borrow the forum state's procedures for enforcing judgments." *Hanover Ins. Co. v. Alexander*, No. 11-11055, 2021 WL 962456, at *1 (E.D. Mich. Nov. 22, 2021) (citations omitted); *see also* Fed. R. Civ. P. 69(a)(1) ("[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located," unless a federal statute applies). Here, the forum state is Ohio, so the Court looks to Ohio law.

Under Ohio law, a judgment becomes dormant "unless one of the following occurs within five years from the date of the judgment or any renewal of the judgment, whichever is later":

> (a) An execution on a judgment is issued.
> (b) A certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code.
> (c) An order of garnishment is issued or is continuing, or until the last garnishment payment is received by the clerk of courts or the final report is filed by the garnishee, whichever is later.
> (d) A proceeding in aid of execution is commenced or is continuing.

Ohio Rev. Code § 2329.07(B)(1). "[T]he occurrence of any of the actions set forth" in (a)–(d) creates a "[r]enewal of the judgment." Ohio Rev. Code § 2329.07(A).

Plaintiff's motion was filed before the five-year period expired at the end of March 2023, so the judgment survives dormancy if Plaintiff's motion qualifies as a "renewal of the judgment" under (B)(1)(a)–(d). Although Plaintiff states that its motion "is legally and procedurally sufficient to request that the original judgment be extended[,]" Mot 3, ECF No. 29, Plaintiff provides no legal authority for that proposition, and Plaintiff fails to identify under which subdivision its motion qualifies as a renewal of the judgment.

Within **FIVE DAYS**, Plaintiff shall file a supplemental motion containing citations to Ohio cases, or cases interpreting Ohio Revised Code Section 2329.07, that support the assertion that its motion meets one of the criteria under Ohio Revised Code Section 2329.07(B)(1)(a)–(d). The supplement shall clarify which subdivision the motion satisfies. Failure to file said supplement shall result in denial of Plaintiff's motion.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT